# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BEN J. MULLINS,**

        **Petitioner,**

    v.                        CASE NO. 10-3163-RDR

**CLAUD CHESTER,**

        **Respondent.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241[1] by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner has neither paid the filing fee nor submitted a motion to proceed without prepayment of fees. He will be given time to satisfy the filing fee prerequisite in one of these two ways. If he fails to do so within the time provided, this action may be dismissed as a result without further notice.

Mr. Mullins was convicted, upon trial by jury in the United States District Court for the Western District of Missouri, of felon in possession of a firearm. He was sentenced in 2005 to a term of 240 months imprisonment. He directly appealed to the Eighth Circuit Court of Appeals, which affirmed in 2006. His allegations suggest that he also "applied to the sentencing court" for relief under 28 U.S.C. § 2255, since he states that the sentencing court "failed to address the issue and will not allow another § 2255." He further alleges that "the appeals court failed to hear the appeal or grant certificate of appealability." He claims he is illegally detained

---

[1] Petitioner also cites the "All Writs Act" and 28 U.S.C. § 1641. The court finds no § 1641 in Title 18. 28 U.S.C. § 1651 provides for writs as a remedy, but does not confer jurisdiction. Petitioner's references to error coram nobis also fail to establish this court's jurisdiction.

and entitled to immediate release or reversal of his conviction.

Petitioner's claims are plainly attacks upon his conviction and sentence entered in the Western District of Missouri.[2] 28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. That section additionally provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. A § 2241 petition has a distinct purpose from a § 2255 motion. The former petition attacks the execution of a sentence rather than its validity. A § 2241 Petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), cert. denied, 377 U.S. 980 (1964).

A motion under § 2255 must be filed in the district that imposed sentence and is the "exclusive remedy" for challenging a sentence unless there is a showing that the remedy is inadequate or

---

[2] On direct appeal, petitioner apparently claimed error in prosecutorial comments, failure to give requested instruction, and admission of government expert witness testimony, as well as a Sixth Amendment violation. He now seeks to have his argument heard that his conviction of possession of a firearm in or affecting interstate commerce was based upon a legal fiction that should be abandoned. He also claims denial of speedy trial, and that the "blank starter pistol" was made in Italy but never traveled in foreign or interstate commerce because it was a gift to a serviceman. He asserts that these are "jurisdictional defects" and the criminal judgment is void.

2

ineffective.  See 28 U.S.C. § 2255; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  The § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).  Petitioner alleges that the sentencing court and apparently the Eighth Circuit will not consider another motion by him under § 2255.  He asserts that this proves the § 2255 remedy is inadequate or ineffective.  However, 28 U.S.C. §2255 expressly provides that second or successive petitions shall not be entertained, 28 U.S.C. § 2255(e); and that a one-year period of limitation shall apply to such petitions, 28 U.S.C. § 2255(f).  The mere fact that a federal prisoner may be precluded from filing a Section 2255 motion by either the statutory time-bar or the second and successive provision does not establish that the § 2255 remedy is inadequate, and thus does not render his claim cognizable under 28 U.S.C. § 2241.[3]  See Sines v. Wilner, No. 09-3147, 2010 WL 2473163, at *2 (10th Cir. June 21, 2010)(The remedy by motion under § 2255 is not inadequate or ineffective simply because now petitioner could be barred by the strict requirements on seciond and successive motions.).  Thus, even if his § 2255 motion to the sentencing court has already been denied on second and successive grounds and the Circuit denied a certificate of appealability, this court does not have jurisdiction to hear his challenges to the legality of his sentence.  Haugh, 210 F.3d at 1150.

In sum, there simply is no jurisdiction in this court under § 2241 to hear petitioner's challenges to his conviction and

---

[3] Because petitioner alleges that the sentencing court will not hear his arguments in "another" § 2255 motion, this court finds it would not be in the interest of justice to treat this action as a § 2255 motion and transfer it to the sentencing court.

sentence.  Haugh, 210 F.3d at 1150.  Petitioner is given time to show cause why this action should not be dismissed, without prejudice, because this court lacks jurisdiction to hear his challenges to his conviction and sentence, which may only be brought in the sentencing court under § 2255.  If he fails to do so in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to satisfy the filing fee by either paying the $5.00 fee or submitting a motion to proceed without prepayment of fees that includes the financial information required to support the motion.

**IT IS FURTHER ORDERED** that within the same twenty-day period, petitioner must show cause why this action should not be dismissed for lack of jurisdiction.

The clerk is directed to send petitioner in forma pauperis forms.

**IT IS SO ORDERED.**

**DATED:  This 5th day of October, 2010, at Topeka, Kansas.**

s/RICHARD D. ROGERS
**United States District Judge**